CAMPBELL, Judge.
The state charged appellant in a two-count information with kidnapping and extortion with a firearm. At the charge conference the trial judge indicated that he would charge on extortion and attempted extortion. Defense counsel did not object. The jury acquitted appellant of the kidnapping charge and found him guilty of attempted extortion.
Attempted extortion is a nonexistent crime, though an attempt is embraced within the crime of extortion as defined by section 836.05, Florida Statutes (1981). We, therefore, reverse the conviction for attempted extortion. Appellant, however, is not entitled to discharge but may be retried for the offense of extortion. Achin v. State, No. 59,840 (Fla. Jan. 21, 1982); Jordan v. State, 415 So.2d 1161 (Fla. 2d DCA1982). Even though in Achin the defendant had requested the instruction on attempted extortion and thus invited the error, we find that to be an insufficient distinction from the case sub judice where defense counsel remained silent in the face of the court’s announcement that it would charge on attempted extortion. Our supreme court in Achin appears to premise its holding not so much on the fact that defense counsel invited the error but “because defendant was convicted of a crime which, although technically nonexistent, was in all elements equal to the main offense,” and, therefore, “the double jeopardy provision of the fifth amendment does not bar defendant’s reprosecution.” Achin v. State, No. 59,840, slip op. at 4 (Fla. Jan. 21, 1982).
We, therefore, REVERSE and REMAND for retrial.
OTT, C. J., and SCHOONOVER, J., concur.